UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
FRANCOISE ANGOSTON and
MAJOR MODEL MANAGEMENT, INC.,

                                  Docket No.

                     Plaintiffs,

             - against -                           **COMPLAINT**

JOCKEY INTERNATIONAL, INC. and           Trial By Jury Demanded
EXTREME REACH, INC.

                    Defendants.
-------------------------------------------------------------------------x

        The Plaintiffs, FRANCOISE ANGOSTON and MAJOR MODEL MANAGEMENT, INC., by their attorneys, LEDY-GURREN, BASS, D'AVANZO & SIFF, LLP, as and for their complaint against the Defendants, allege as follows:

<u>**JURISDICTION AND VENUE**</u>

        1.      This is an action for *inter alia* unfair competition under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. as amended (the Lanham Act), unfair competition under the common law of the State of New York, unjust enrichment, and violation of Plaintiff's rights under Sections 50 and 51 of the New York Civil Rights Law.

        2.      This court has original jurisdiction over this action under 28 U.S.C. § 1331, 1332 and 1338, and U.S.C. § 1121, and has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

        3.      This Court has personal jurisdiction over defendants, in that Defendants are authorized to do business and/or conduct business in this district, have committed acts in violation of Plaintiffs' rights in this district and/or can be found in this district.

        4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that this is the

district in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred and/or each Defendant maintains in this district an office for the conduct of its business in the State of New York.

## PARTIES AND BACKGROUND

5.    The Plaintiff, Francoise Angoston ("Angoston") is an individual who resides in Union City, New Jersey.

6.    The Plaintiff, Major Models Management, Inc. ("Major"), is a domestic corporation with its principal place of business in New York, New York.

7.    Angoston is a successful fashion model who has appeared in advertising campaigns for Kohls, Bonton, L.L. Bean, Sketchers and Jockey, and whose image and likeness has appeared in apparel catalogs and department store displays.

8.    Major is in the business of managing the careers of fashion models and currently and at all relevant times regarding this action manages Angoston's career pursuant to a written contract.

9.    The Defendant, Jockey International, Inc. ("Jockey"), is a foreign corporation with its principal place of business in Kenosha, Wisconsin.

10.    The Defendant, Extreme Reach, Inc. ("Extreme Reach"), is a foreign corporation with its principal place of business in Needham, Massachusetts.

11.    Jockey is a manufacturer, distributor and retailer of underwear, sleepwear and sportswear for men, women, and children.

12.    Extreme Reach represents and services advertisers, creative agencies, media

agencies, post-production houses, television destinations, and video destinations worldwide.

13.     At all times hereinafter mentioned, Extreme Reach acted as the authorized agent of Jockey and within the authority provided by Jockey to Extreme Reach.

14.     In August 2016, Angoston and Major entered into an agreement with the Defendants for the use of Angoston's image and likeness in the advertisement of Jockey men's underwear.  Annexed hereto as Exhibit 1 is a true and correct copy of the agreement (hereinafter referred to the "Usage Agreement").

15.     Under the terms of the Usage Agreement, the Defendants agreed to pay Angoston fifteen thousand dollars ($15,000.00) for use in commercial advertising Angoston's image and likeness for the period September 15, 2016 thru and including September 14, 2017 (hereinafter referred to as the "Term").

16.     Under the terms of the Usage Agreement, the Defendants agreed to pay Major a service fee (also known in the industry as an "agency fee") equal to twenty percent (20%) of the total amount agreed to be paid Angoston under the Usage Agreement, to wit, the sum of three thousand dollars ($3,000.00).

17.     The Usage Agreement contains all the terms and conditions of the agreement among the parties regarding the use of Angoston's image and likeness.

18.     The Usage Agreement does not permit the Defendants to display or otherwise use Angoston's image and likeness beyond the end of the Term.

19.     In September 2017, Major, on behalf of Angoston, advised Defendants that the Usage Agreement was expiring and/or expired, expressed concern about the continued use of the advertising materials bearing Angoston's image and likeness (hereinafter referred to as the

3

"Materials") and demanded that all use of Angoston's image and likeness and the Materials cease unless the Usage Agreement was renewed.

20.     On September 20, 2017, the Defendants advised Major that Jockey had elected not to renew the Usage Agreement with Angoston and Major and would not be using Angoston's image and likeness in any new marketing.

21.     On October 23, 2017, Major, on behalf of Angoston, advised Defendants of the unauthorized use of Angoston's image and likeness and that the Materials were still being displayed at retail establishments.

22.     On October 23, 2017, the Defendants refused to remove the Materials or to cease the unauthorized use of Angoston's image and likeness in its advertising.

23.     On May 31, 2018, Angoston went to Macy's at Herald Square in Manhattan and saw Materials still being displayed without his authorization.

24.     Upon information and belief, the Defendants have been using Angoston's image and likeness and using the Materials on websites, in print, advertising campaigns, promotional materials, digital media (including social media (such as Facebook) and YouTube), trade shows, point-of-sale advertising (examples of which are annexed as Exhibit 2 and made a part hereof) from September 15, 2017 to the present and continuing without the authorization of Angoston (hereinafter the "Unauthorized Usage").

25.     The Defendants have not provided any consideration or payment to Angoston or Major for the continued use of the Materials after the Term of the Usage Agreement.

26.     The Defendants' Unauthorized Usage of Angoston's image and likeness and the continued Unauthorized Usage of the Materials have damaged Angoston's career and have

prevented Angoston from providing modeling services for other related men's apparel companies, designers and advertisers, and have type-cast Angoston as "the face of Jockey" against his will.

27.     The Defendants' Unauthorized Usage of Angoston's image and likeness and the continued Unauthorized Usage of the Materials have damaged Major in that it has not received any payment of any agency fee in connection with the Defendants' usage of Angoston's image and likeness, which it otherwise would have been paid in connection with such usage.

**AS FOR A FIRST CAUSE OF ACTION**
**Federal Unfair Competition and False Endorsement**
**(15 U.S.C. §1125 (a))**

28.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through and including 27 of this Complaint as though fully set forth herein.

29.     Defendants' commercial use of Angoston's unauthorized images and likeness in connection with the advertising and promotion of Jockey misrepresents and falsely suggests to the general public and other men's apparel companies that Angoston has endorsed or is otherwise affiliated with Jockey and creates a likelihood of confusion by consumers and other men's apparel companies as to Angoston's sponsorship and endorsement of Jockey.

30.     Defendants' conduct as described above was done knowingly, willfully, and/or in a grossly reckless disregard for Angoston's rights and the impact it would have on his being able to appear in future men's apparel campaigns.

31.     Defendants' aforesaid acts are in violation of Angoston's rights under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(l), in that Defendants willfully and intentionally used his images and likeness in connection with goods sold in commerce, and that such use is

5

likely to cause confusion or deceive the consuming public and other men's apparel companies as to Angoston's endorsement, sponsorship, and/or approval of Jockey men's underwear in connection with defendants' commercial activities.

32.     As a result of Defendants' conduct, Plaintiff Angoston has suffered damages in an amount to be ascertained, but upon information and belief no less than $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Unfair Competition

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through and including 32 of this Complaint as though fully set forth herein.

34.     Through his work as a fashion model, Angoston has built up valuable goodwill in his image and likeness.

35.     Defendants' knowing, willful, and unauthorized use of Angoston's image and likeness in connection with the promotion of Jockey was to the detriment of Angoston and has enriched the Defendants.

36.     Defendants have traded on the goodwill associated with Angoston's image and likeness and have misled the public and other men's apparel companies into assuming Angoston has approved or otherwise endorsed the use of his image and likeness in connection with Jockey underwear.

37.     Defendants' conduct as described above was done knowingly, willfully, and/or in grossly reckless disregard for Angoston's rights and for the purpose of trying to avoid having to pay the fair and customary rates for a fashion model such as Angoston.

38.     Defendants have caused confusion, misled and deceived the public and other

men's apparel companies as to the endorsement, approval and/or sponsorship of Jockey's men's underwear in a manner that falsely suggests to the consuming public and other men's apparel companies that Jockey was approved, endorsed, or otherwise sponsored by Angoston, in violation of the New York common law of unfair competition.

39.    As a result of the Defendants' conduct, Plaintiff Angoston has suffered damages in an amount to be ascertained, but upon information and belief no less than $1,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
**Unjust Enrichment**

40.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through and including 39 of this Complaint as though fully set forth herein.

41.    Defendants have been unjustly enriched by obtaining the pecuniary benefit of having a fashion model of Angoston's caliber and using his image and likeness in various mediums, including featuring it on websites, in print, on social media, in advertising campaigns, promotional materials, trade shows and point-of-sale advertising, without his authorization or consent.

42.    Defendants have been enriched at Angoston's expense since he was not compensated commensurate with the value of the benefit received by the Defendants.

43.    Defendants have been enriched at Major's expense since it was not compensated commensurate with the value of the benefit received by the Defendants.

44.    It is against equity and good conscience to permit Defendants to retain the pecuniary benefits that resulted from Defendants Unauthorized Usage.

45.    As a result of the Defendants' conduct, the Plaintiffs, Angoston and Major, have

suffered damages in amounts to be ascertained, but upon information and belief no less than $1,200,000.00.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violation of New York Civil Rights Law §§ 50 and 51**

46.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through and including 45 of this Complaint as though fully set forth herein.

47.     Defendants, without Angoston's consent, have misappropriated and misused Angoston's image and likeness for commercial, advertising and/or trade-related purposes.

48.     Defendants have continued to knowingly and willful Unauthorized Usage of Angoston's image and likeness that continues to this day to mislead the public and to promote Jockey's products at trade shows, promotional events and at retail outlets in the State of New York.

49.     Defendants' conduct, as described above, violates Angoston's rights under §§ 50 and 51 of the New York Civil Rights Law.

50.     Defendants' conduct, as described above, was done knowingly, willfully and/or in gross reckless disregard for Angoston's rights.

51.     As a result of Defendants' conduct, the Plaintiff Angoston has suffered damages in an amount to be ascertained, but upon information and belief no less than $1,000,000.00, together with exemplary damages.

**WHEREFORE**, the Plaintiffs, FRANCOISE ANGOSTON and MAJOR MODEL MANAGEMENT, INC., respectfully pray that this Court:

A. Award damages to the Plaintiff, FRANCOISE ANGOSTON, on the

First Cause of Action in an amount to be determined based on the evidence adduced in this action, but at least equal to treble the greater of Defendants' profits, Plaintiffs' actual damages, or statutory damages, plus pre-judgment and post-judgment interest, costs and attorneys' fees associate with this action, pursuant to Plaintiffs' claim for unfair competition under the Lanham Act, 15 U.S.C. § 1117;

B.  Award to the Plaintiff, FRANCOISE ANGOSTON, an equitable accounting of Defendants' profits earned from the sale and distribution of the products for which Plaintiff FRANCOISE ANGOSTON's image and likeness was used;

C.  Award damages to the Plaintiff, FRANCOISE ANGOSTON, on the Second and Fourth Causes of Action in an amount to be determined based on the evidence adduced in this action, but at least equal to treble the greater of Defendants' profits, Plaintiffs' actual damages, or statutory damages, plus pre-judgment and post-judgment interest, costs and attorneys' fees associate with this action, pursuant to Plaintiffs' claim for unfair competition under New York common law and §§ 50 and 51 of New York's Civil Rights Law;

D.  Award damages to the Plaintiffs, FRANCOISE ANGOSTON and MAJOR MODEL MANAGEMENT, INC., on their Third Cause of Action in an amount to be determined based on the evidence adduced in this action and equal to the value of the benefit the Defendants received, plus pre-judgment and post-judgment interest, costs and

9

attorneys' fees associated with this action;

E.   Award the Plaintiff, FRANCOISE ANGOSTON, on his First, Second
and Fourth Causes of Action exemplary damages for the Defendants'
willful and knowing conduct in an amount to be determined by the
finder of fact;

F.   Award the Plaintiffs such other and further relief as this Court deems
to be just, proper and equitable.

## JURY DEMAND

The Plaintiffs, FRANCOISE ANGOSTON and MAJOR MODEL MANAGEMENT,
INC., hereby demand that where permitted by the United States Constitution, the laws of the
United States, the laws of the State of New York and the Federal Rules of Civil Procedure, that
all issues of fact be determined by a jury of their peers.

Dated:  White Plains, New York
        September 24, 2018

                    Yours, etc.,

        By:  _Joseph A. D'Avanzo_____
             Joseph A. D'Avanzo, Esq.
             LEDY-GURREN BASS D'AVANZO & SIFF, L.L.P.
             *Attorneys for Plaintiffs*
             *FRANCOISE ANGOSTON and*
             *MAJOR MODEL MANAGEMENT, INC.*,
             7-11 South Broadway, Suite 208
             White Plains, New York 10601
             (914) 205-3884
             Our File No. 51.18125